UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID BEARD and AIMEE BEARD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-453-XR |
| | § | |
| CHASE BANK, et al., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

On this date, the Court considered Plaintiffs motion for voluntary dismissal (docket no. 15).  Plaintiff filed this lawsuit on May 10, 2012.  On May 17, 2012 Defendant Chase Bank filed its answer.  Also on May 17, Defendants Lacaouture and Hiatt filed a Motion to Dismiss and Defendant Chase Bank filed its Motion for Summary Judgment.  On July 9, 2012, the Court considered Defendant's Motion for Summary Judgment, construed the motion as a Rule 12(b)(6) Motion to Dismiss, and entered an Order dismissing Plaintiffs' claims against Defendant without prejudice.  The Court ordered Plaintiffs to file an amended complaint on or before August 6, 2012.  That same day, Plaintiffs filed a Notice of Non-Suit as to defendants Lacouture and Hiatt. Plaintiffs did not file an amended complaint.  On August 14, 2012, Plaintiffs filed a "Notice of Intent Not to Stay in Case as well as Notice of Nonsuit Without Prejudice"

Because Defendants have answered and filed a motion for summary judgment, Plaintiff's suit may be dismissed only by court order, "on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2).   Rule  41(a)(2)  is  designed  to  protect  non-movants  from  prejudice  occasioned  by

unconditional dismissals. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 316 (5th Cir. 2002). Therefore, "faced with a Rule 41(a)(2) motion, the district court "should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Id.* at 317. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options; it can deny the motion outright or it can craft conditions that will cure the prejudice.

Defendants have asserted that they would suffer plain legal prejudice by an unconditional dismissal. The fact that additional expense may be incurred in re-litigating issues will not generally support a finding of "plain legal prejudice" and denial of a Rule 41(a)(2) motion to dismiss. *Elbaor*, 279 F.3d at 317 n.3. Thus, the Court finds no prejudice would result from granting the motion, and that no conditions are required.

Plaintiff's motion to voluntarily dismiss his case (docket no. 31) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 21st day of August, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE